UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EAGLE HIGHLAND
OWNERS ASSOCIATION,

    Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

Case No. 3:23-cv-19

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO COMPEL AN APPRAISAL (Doc. No. 5); (2) REFERRING MANAGEMENT OF ALL APPRAISAL PROCEEDINGS TO THE ASSIGNED MAGISTRATE JUDGE; (3) GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION TO STAY LITIGATION OR AMEND THE SCHEDULING ORDER (Doc. No. 13); AND (4) EXTENDING CASE MANAGEMENT DATES AND DEADLINES BY APPROXIMATELY SIX MONTHS**

---

This case is before the Court on Plaintiff's motion to compel an appraisal. Doc. No. 5. Defendant filed a memorandum in opposition (Doc. No. 7), and Plaintiff replied (Doc. No. 8). The parties have also filed a joint motion to stay litigation or, in the alternative, amend the preliminary pretrial conference order (Doc. No. 12). *See* Doc. No. 13. These two motions are ripe for review.

**I.    Background**

Plaintiff is seeking an appraisal of the property[1] in question because the instant issue "is a factual dispute over the amount of loss that is properly determined by…the appraisal panel." Doc. No. 6 at PageID 27. Plaintiff argues that its property suffered damage wind and hail damage that

---

[1] Plaintiff describes the property as being "properties generally located at and around 1471 Eagle Highlands Dr., Fairborn, Ohio 45324[.]" *See* Doc. No. 6 at PageID 19.

occurred on June 18, 2021. *Id.* at PageID 23. Plaintiff made a claim for damages arising from the loss to Defendant, Plaintiff's insurer. *Id.* Defendant investigated the loss and determined it to be $0.00; Plaintiff's investigator, however, determined it to be $586,647.08 in repair costs. *Id.*

Defendant opposes appraisal because, in its view, the damage in the instant suit arose from a loss in 2019, not from the June 18, 2021 storm. Doc. No. 7 at PageID 175-76. Specifically, Defendant alleges that Plaintiff submitted a loss claim in 2019 for damage that is exactly the same as the damage alleged in the loss claim for the June 18, 2021 storm. *Id.* Accordingly, Defendant does not view this matter as being a dispute over an amount of loss, but rather a dispute over "whether a loss even occurred on June 18, 2021." *Id.* at PageID 176 (emphasis in original).

## II.  Analysis

### A. Appraisal

The Court agrees with Plaintiff's assertion that appraisal is the appropriate remedy to resolve the factual disputes in this case. The parties' contract contains an appraisal provision that is silent on the issue of causation. It states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraiser. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two [appraisers] will be binding.

Doc. No. 6-2 at PageID 105 (emphasis in the original).

Although appraisal resolves factual issues of loss, Ohio courts have found that, where appraisal is used to "determine a loss's 'extent' … doing so requires appraisers to separate covered

2

damage from uncovered damage." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263 at *2 (N.D. Ohio Aug. 22, 2022) (citing Ashley Smith, *Property Insurance Appraisal: Is Determining Causation Essential to Evaluating the Amount of Loss*, 2012 J. DISP. RESOL. 591, 605). *See also Stonebridge at Golf Vill. Squares Condo. Ass'n v. Phoenix Ins. Co.*, No. 2:21-CV-4950, 2022 WL 7178548 at *3 (S.D. Ohio Sept. 22, 2022) (finding appraisal appropriate where there was "clearly a disagreement as to what damage, specifically, [a] storm caused").  Further, "where … an appraisal provision is otherwise silent as to how an appraiser should measure the 'extent' of a 'loss,' courts in a variety of jurisdictions—including Ohio—have interpreted the process to 'require[]' (or simply permit) a causation analysis." *Id.* at *2 (citing *Prakash v. Allstate Ins. Co.*, No. 5:20-CV-524, 2021 WL 37698, at **3-4 (N.D. Ohio Jan. 5, 2021)).  Appraisal is the appropriate remedy where the provision in the contract is silent as to resolving issues of causation. Such is the case here.  *See* Doc. No. 6-2 at PageID 105.

**B. Staying Litigation/Amending the Preliminary Pretrial Conference Order**

Based on the parties' Rule 26(f) report (Doc. No. 9), the Court issued a preliminary pretrial conference order on November 7, 2023 (Doc. No. 12).  Now, the parties seek to either: (1) stay litigation pending the result of the motion to compel appraisal (Doc. No. 5), or (2) extend all deadlines by six months.

Because discovery has begun and a scheduling order has already issued, *see* Doc. No. 12, the Court does not see a need to stay litigation at this time.  Accordingly, the motion to stay litigation will be denied.  The Court will, however, extend the deadlines established in the preliminary pretrial conference order (Doc. No. 12) by approximately six months to allow the parties sufficient time to conduct an appraisal.

The amended case management dates and deadlines in this case are as follows:

| | | |
|---|---|---|
| 1. | Pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable): | **March 29, 2024** |
| 2. | Motions to amend the pleadings or to add parties: | **May 2, 2023** |
| 3. | Motions directed to the pleadings: | **June 3, 2024** |
| 4. | Lay witness disclosures: | **June 10, 2024** |
| 5. | Primary expert designations: | **July 15, 2024** |
| 6. | Rebuttal expert designations: | **August 12, 2024** |
| 7. | Discovery cut-off: | **October 1, 2024** |
| 8. | Dispositive motions (*i.e.*, summary judgment motions)[2]: | **November 1, 2024** |

### III.   Conclusion

Accordingly, pursuant to the factual dispute regarding both the amount of loss sustained by Plaintiff and the causation of any alleged loss — the existence or non-existence of which will affect whether Defendant incurs repair costs — the motion to compel appraisal (Doc. No. 5) is **GRANTED**.  The Court further **REFERS management of the appraisal proceedings** to United States Magistrate Judge Caroline H. Gentry, and orders the parties to update Judge Gentry on the status of the appraisal **every sixty (60) days following the issuance of this order.**  The parties' joint motion to the stay litigation or amend the preliminary pretrial conference order (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **DENIED** as to staying the litigation and **GRANTED** as to amending the preliminary pretrial conference order.  The deadlines established in the previous order are hereby extended while the parties conduct an appraisal.  Moving forward, the parties shall follow the scheduling order and file motions accordingly.

---

[2] Should a trial be necessary, the Court will convene the parties at the appropriate time to schedule final pretrial conference and trial dates.

**IT IS SO ORDERED.**

December 12, 2023 /s Michael J. Newman
Hon. Michael J. Newman
United States District Judge